**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

ADVANZEON SOLUTIONS, INC., | Case No.: 8:20-bk-06764-CPM
Chapter 7 (converted)

Debtor.
_______________________________________/

# MOTION TO APPROVE COMPROMISE

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at **Sam M. Gibbons United States Courthouse**, 801 North Florida Avenue, Suite 555, Tampa, FL 33602, within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Douglas N. Menchise, as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Advanzeon Solutions, Inc. (the "Debtor"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and other applicable law, hereby moves for entry of an Order approving a compromise by and between the Trustee and Eva Hamdi (the "Defendant," and with the Trustee, the "Parties"). In Support thereof, the Trustee respectfully states:

## BACKGROUND

1. On September 7, 2020, the Debtor filed a voluntary petition under chapter 11 of title 11 of the United States Code, §§ 101 *et seq*. (the "Bankruptcy Code"). *See* Bankr. Doc. 1.

2. On August 29, 2022, the Debtor filed its *Motion to Extend Deadlines to File Adversary Proceedings* [Bankr. Doc. 296], which this Court granted on September 1, 2022 [Bankr. Doc. 298], extending the § 546(a) deadline by when the Debtor could bring Chapter 5 avoidance actions through and including March 7, 2023.

3. On September 6, 2022, this Court entered an order converting the above captioned bankruptcy case (the "Bankruptcy Case") into a Chapter 7 case. *See* Bankr. Doc. 301.

4. On September 8, 2022, the Trustee was appointed as Chapter 7 Trustee in the Bankruptcy Case. *See* Bankr. Doc.302.

5. On September 8, 2023, the Trustee timely filed his *Motion for Extension of Time to File Avoidance Actions under 11 U.S.C. § 546(a)* (the "First Extension Motion"). *See* Bankr. Doc. 397.

6. On October 5, 2023, this Court held a hearing on the First Extension Motion at which the First Extension Motion was granted. *See* Bankr. Doc. 405.

7. On March 4, 2024, this Court entered its *Order Granting Trustee's Motion for Extension of Time to File Avoidance Actions under 11 U.S.C. § 546(a)*, which extended the § 546(a) deadline by when the Trustee could bring Chapter 5 avoidance actions against, *inter alia*, the Defendant through and including March 15, 2024. *See* Bankr. Doc. 432.

8. On March 11, 2024, the Trustee timely filed his *Second Motion to Extend Time to File Avoidance Actions under 11 U.S.C. § 546(a)*. *See* Bankr. Doc. 435.

9. On March 19, 2024, this Court entered its *Order Granting the Second Motion to Extend Time to File Avoidance Actions under 11 U.S.C. § 546(a)*, which extended the § 546(a) deadline by when the Trustee could bring Chapter 5 avoidance actions against, *inter alia*, the Defendant through September 15, 2024.

10. On March 15, 2024, the Trustee initiated the adversary proceeding styled *Menchise v. Hamdi*, Adv. No. 8:24-ap-00085-CPM (the "Adversary Proceeding"), filing his Complaint to avoid and recover fraudulent and post-petition transfers and for damages (the "Complaint") against, *inter alia*, the Defendant.

11. The Complaint asserted that the Debtor, either directly or indirectly through its related entities, made certain fraudulent and post-petition transfers to the Defendant, in a total amount of not less than $90,430.00 between the period beginning December 20, 2016, and ending January 1, 2022.

12. On March 18, 2024, the Clerk of Court issued a Summons as to the Defendant (the "Summons"). *See* Doc. No. 2.

13. On March 19, 2024, a copy of the Summons, the Complaint, and other relevant documents were duly served on Hamdi via first-class U.S. Mail, in accordance with Federal Rule of Bankruptcy Procedure 7004. *See* Doc. No. 3.

14. The deadline for the Defendant to respond to the Complaint was April 20, 2024. *See* Doc. No. 2; Fed. R. Bank. P. 7012 (providing that the deadline to respond to an adversary proceeding complaint is within 30 days after issuance of the summons); *see generally* Local Bankruptcy Rules for the Bankruptcy Court for the Middle District of Florida (requiring an additional three days to respond to motions and pleadings served via U.S. Mail).

15. The Defendant failed to file an answer or other responsive pleading to the Complaint as required by Federal Rule of Bankruptcy Procedure 7012. *See generally*, the Docket.

16. On June 14, 2024, the Trustee filed his *Motion for Clerk's Default as to Eva Hamdi*, which requested this Court instruct the Clerk of the Court, pursuant to Federal Rule of Civil Procedure 55(a), as incorporated by Federal Rule of Bankruptcy Procedure 7055, to enter a Clerk's Default against the Defendant, as to the allegations against the Defendant, in the Complaint. *See* Doc. No. 5.

17. On June 17, 2024, the Clerk of Court entered its *Entry of Default* against the Defendant for failure to respond to the Complaint within the time permitted by law. *See* Doc. No. 6.

18. On January 2, 2026, the Trustee filed his *Motion for Entry of Final Default Judgment Against Eva Hamdi*, which requested that this Court enter an Order and Final Judgment against the Defendant for avoidance and recovery of the post-petition payment and fraudulent transfers from the Debtor to the Defendant. *See* Doc. No. 12.

19. On January 7, 2026, this Court entered its *Order Granting Plaintiff's Motion for Entry of Final Default Judgment Against Defendant, Eva Hamdi*. *See* Doc. No. 15.

20. On January 7, 2026, this Court entered a *Final Default Judgment Against Defendant* in the amount of $90,340.00. *See* Doc. No. 16.

21. On February 19, 2026, the Trustee filed its *Corrected Amended Motion for Issuance of Writ of Garnishment* directed to JP Morgan Chanse Bank, N.A. *See* Doc. No. 21.

22. On February 20, 2026, this Court entered its *Order Granting Plaintiff's Amended Motion for Issuance of Writ of Garnishment*. *See* Doc. No. 22.

23. On March 23, 2026, the Trustee filed its *Unopposed Motion to Vacate Default Judgment and Dissolve Writ of Garnishment* (the "Motion to Vacate"), which followed discussion between the parties and agreement that the Defendant should be permitted to file a response to the Complaint so the dispute could be resolved on the merits. *See* Doc. No. 25.

24. On April 1, 2026, the Defendant filed her *Answer to Complaint and Affirmative Defenses* (the "Answer"). *See* Doc. No. 29.

25. On April 2, 2026, this Court entered its *Order Conditionally Striking* the Answer, pursuant to which the Defendant had 7 days from entry of the Order to cure a deficiency in the Answer. *See* Doc. No. 30.

26. On April 2, 2026, the Trustee filed his *Amended Unopposed Motion to Vacate Default Judgment and Dissolve Writ of Garnishment*. *See* Doc. No. 31.

27. On April 8, 2026, this Court entered its *Order Granting Plaintiff's Amened Motion to Vacate Default Judgment and Dissolve Writ of Garnishment*. *See* Doc. No. 38

28. On April 8, 2026, the Defendant filed her amended *Answer to Complaint and Affirmative Defenses*, which cured the deficiency addressed in the Court's *Order Conditionally Striking* the Answer. *See* Doc. No. 41.

## TERMS OF SETTLEMENT

29. To resolve all issues between them, the Parties agree to the following (the "Compromise"):

a. Mark Heidt Consulting, Inc. ("MHC") will pay the Trustee the total sum of $15,000.00 (the "Payment"), within sixty (60) days of entry of an Order approving and authorizing the Compromise.
b. Upon receipt of the Payment, the Parties shall dismiss, with prejudice, all claims, causes of action, and counterclaims in the Adversary Proceeding, with all parties bearing their own and respective attorneys' fees and costs;
c. Effective upon the completion of payment from MHC, the Parties will forever release, discharge, and waive, and shall be deemed to have released, discharged,

and waived, any and all claims, liabilities, costs, and causes of actions, rights, entitlements, and interests that may exist as against each other as of the Petition Date, whether asserted in the Adversary Proceeding or otherwise, other than compliance with the terms of the Compromise set forth herein; and

d. This Court shall retain jurisdiction to interpret and/or enforce the terms of the Compromise.

30. This Compromise is entered into for settlement and compromise of disputed claims and shall not be treated as an admission by any party. By entering into the Compromise, the Parties do so solely to avoid the inconvenience, expense, and uncertainty of further proceedings and expressly disclaim any liability to any other party or person.

## BASIS FOR RELIEF

31. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approval of a compromise is within the sound discretion of this Court. *In re Foster Mortg. Corp.*, 68 F. 3d 914, 917 (5th Cir. 1995). Specifically, Bankruptcy Rule 9019 provides:

> **Compromise**. On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019.

32. The standard for approval of a compromise is whether the proposed settlement is "fair and equitable" and "in the best interest of the estate." *Protective Comm. For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Thus, "when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re Justice Oaks II, Ltd.*, 898 F. 2d 1544, 1549 (11th Cir. 1990).

33. Moreover, to approve a compromise, the Court need not determine which party would ultimately prevail, but only that the matter was open to reasonable doubt. *Id*. "It is generally recognized that the law favors settlement of disputes over litigation for litigation's sake." *In re Bicoastal Corp.*, 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993).

34. "[T]he Bankruptcy court has broad jurisdiction to approve a compromise." *In re Bicoastal Corp.*, 164 B.R. at 1016. Settlements or compromises should be approved unless they "fall below the lowest point in the range of reasonableness." *Id*. "[B]ankruptcy court[s] [are] not required to rule on the merits, and must look only to the probabilities." *Romagosa v. Thomas (In re Van Diepen, P.A.)*, 236 Fed. Appx. 498, 504 (11th Cir. 2007).

35. "The question presented … is not whether the settlement on the terms proposed is objectively better for the [e]state than the litigation alternative, nor is the question whether this [c]ourt or the [o]bjecting parties would have made a different decision under the same circumstances – the question is whether the [t]rustee's decision was reasonable." *In re Harbour East Development, Ltd.*, 2012 WL 1851015, at * 1-2 (Bankr. S.D. Fla. May 21, 2012) (citations omitted).

36. Here, the Compromise, which was negotiated at arm's length, is fair and equitable and in the best interest of the bankruptcy estate.

37. The Compromise is also in the best interest of creditors because it avoids protracted litigation that could consume and deplete the estate's assets, resources, and potential recoveries.

38. The Trustee submits that, in its business judgment, the terms of the Compromise are in the best interest of the bankruptcy estate and its creditors.

**WHEREFORE**, the Trustee respectfully requests this Court enter an order that: (i) grants this Motion; (ii) approves the terms of the Compromise; (iii) authorizes the parties to consummate the Compromise; and (iv) awards such other and further relief as this Court deems necessary and proper.

Dated: August 18, 2026

Respectfully submitted,

**SHUMAKER, LOOP & KENDRICK, LLP**

By: */s/ Steven M. Berman*
**STEVEN M. BERMAN, ESQ**
Florida Bar No. 856290
sberman@shumaker.com
101 E. Kennedy Blvd., Ste. 2800
Tampa, FL 33602
Phone: 813-229-7600
*Counsel for the Chapter 7 Trustee, Douglas N. Menchise*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Approve Compromise has been furnished by CM/ECF notice to all counsel of record, parties registered to receive court notifications and served via U.S. Mail to the following:

Advanzeon Solutions, Inc.
2901 W. Busch Blvd., #701
Tampa, FL 33618

Daniel R. Fogarty
Stichter, Riedel, Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, FL 33602

Matthew Mueller
Fogarty Mueller Harris, PLLC
1000 East Madison Street, Suite 202
Tampa, FL 33602

John L. Thomas
18 Beth Drive
Moorestown, NJ 08057

Dougles N. Menchise
P.O. Box 14957
Clearwater, FL 33766

United States Trustee – TPA
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

Eva Hamdi
4506 Westway Avenue
Dallas, TX 75205

Stephanie C. Lieb
Trenam Law
101 East Kennedy Boulevard, Suite 2700
Tampa, FL 33602

Mark Heidt
12348 Wetlands East Drive, Apt. 108
Orlando, FL 32828

Mark Heidt Consulting, Inc.
Attn: Mark Heidt
12348 Wetlands East Drive, Apt. 108
Orlando, FL 32828